**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CORNELIUS CLEMENS SIERHUIS, | No. 13-73105 |
| Petitioner, | Agency No. A078-157-031 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Cornelius Clemens Sierhuis, a native and citizen of Canada, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo constitutional claims and questions of law. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (order). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal, except in the case of colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchez*, 682 F.3d at 1198.

Sierhuis' due process claims fail, because the record supports the agency's credibility determinations and evidentiary rulings, and does not support Sierhuis' contention that the IJ was biased or that Sierhuis was otherwise denied a full and fair hearing. *See de Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997) (adverse credibility determination supported by specific, cogent reasons); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). In addition, Sierhuis has not demonstrated that additional testimony or other evidence may have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967,

13-73105

971 (9th Cir. 2000) (requiring that petitioner establish prejudice to prevail on a due process challenge).

Lastly, we lack jurisdiction to consider Sierhuis' remaining contentions regarding details pertaining to his ex-wife's testimony because he failed to exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**